**Motions Granted and Abatement Order filed January 11, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO.  14-17-00008-CV
_____

**MATTHEW S. BOVEE, Appellant**

**V.**

**HOUSTON PRESS LP, ET AL, Appellees**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2016-16984**

## ABATEMENT ORDER

Appellant is an inmate proceeding pro se. By order dated July 6, 2017, we determined that appellant may proceed in this appeal without advance payment of costs. As a result, appellant is entitled to have the appellate record filed at no cost to him.

According to motions appellant has filed in this court over the past several months, he has been unsuccessful in his attempts to have the record supplemented.

Part of the difficulty appears to arise from the fact that this case began in Johnson County and was transferred to Harris County. On appellant's motion, we have issued two orders for supplemental clerk's records: the first on September 26, 2017, and the second on November 14, 2017. The November 14, 2017 order also directed the court reporter of the 249th District Court (the Johnson County court in which this case began) to prepare and file the reporter's record. Both orders expressly directed the district clerk to provide a hard copy of the record to appellant.

Appellant filed his brief before he had access to the requested supplemental records. Contemporaneously with his brief, he filed a motion for leave to file an amended brief once he had the record so that he could provide citations to the record. We granted the motion on November 28, 2017.

On December 12, 2017, appellant filed a verified motion for "collaboration" regarding the record in which he states the district clerk has not fully complied with our orders. He attaches a letter from the district clerk dated November 14, 2017, that says the second supplemental record will not be filed with this court until the fee of $29 is paid. (In fact, the second supplemental clerk's record was filed with this court on November 14, 2017. We do not know if it is complete, though, as the index states that certain items were not part of the trial court's file.)

On January 4, 2018, the three sets of appellees filed a combined motion for extension to file their brief, which was due January 8, 2018. Their motion indicates the record is not complete due in part to certain documents filed in the Johnson County case not being sent to the Harris County case.

The trial court and this court are jointly responsible for ensuring the record is filed. *See* Tex. R. App. P. 35.3(c). This court may enter any order necessary to ensure the record is filed. *Id.*

Due to the unusual procedural history and circumstances of this case, at this time the trial court is in a better position than this court to ensure that the complete record has been both filed and provided to the appellant or his representative in hard copy form.

Accordingly, we **ABATE** this appeal and order as follows:

1. Appellant's December 12, 2017 motion is **granted**.

2. **TO HARRIS COUNTY DISTRICT CLERK AND COURT REPORTERS OF 249TH AND 270TH DISTRICT COURTS:** Any clerk's records and reporter's records that have been properly requested by any party shall be (a) filed with this court by **February 9, 2018**, and (b) provided to appellant or his representative in hard copy form by **February 9, 2018**.

3. **TO 270TH DISTRICT COURT**: The trial court shall ensure any such records are timely filed and provided to appellant or his representative, and may make any order necessary to do so.

4. **TO PARTIES**: Unless good cause is demonstrated for the abatement to be extended, we will reinstate the appeal on or after **February 26, 2018**.

5. Appellant's amended brief, or a motion to extend time to file his amended brief, is due **30 days** after the appeal is reinstated.

6. Appellees' motion for extension is **granted**. Appellees' briefs, or a further motion to extend time to file the briefs, are due **30 days** after appellant's amended brief is filed.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket on or after February 26, 2018. The court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM